IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| George Theodore Fitzgerald, | ) | Case No. 4:21-cv-02221-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| W.E. Mackelburg, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a federal prisoner proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On August 18, 2021, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return. ECF No. 10. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report. ECF No. 19.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

Petitioner pled guilty to one count of conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d) and one count of the use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) on July 15, 2011, in the United States District Court for the Western District of Virginia. *U.S. v. Fitzgerald*, C/R No. 7:10-cr-0080-GEC, ECF No. 17 (W.D. Va. July 20, 2011). Petitioner was sentenced to 150 months imprisonment as to Count One and 126 months imprisonment as to Count Two, to run consecutively. *Id.* In 2013, Petitioner filed a motion pursuant to 28 U.S.C. § 2255, which was denied. *Id.* at ECF No. 50. Petitioner's sentence was reduced in 2014. *Id.* at ECF No. 55. Petitioner filed an application for authorization to file a successive § 2255 motion, which was denied on December 17, 2019. *Id.* at ECF No. 61 Petitioner filed another application for authorization to file a successive § 2255 motion. *Id.* at ECF No. 66. The

Fourth Circuit stayed Petitioner's application pending a decision in *In re Thomas*, 988 F.3d 783 (4th Cir. 2021). After issuing the decision in *Thomas*, the Fourth Circuit denied Petitioner's application. *Fitzgerald*, C/R No. 7:10-cr-0080-GEC, ECF No. 70. Petitioner filed the present action on approximately July 21, 2021. ECF No. 1.

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). A petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Accordingly, a petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Petitioner states in his Petition, and in his objections, that he is pursuing relief pursuant to *U.S. v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). Out of an abundance of caution, the Magistrate Judge considered Petitioner's action under *Wheeler* and *In re Jones*, 226 F.3d 328 (4th Cir. 2000). ECF No. 10 at 4. This Court will do likewise.

Petitioner fails to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's conviction. In *Jones*, the court held that a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333–34. Here, as explained by the Magistrate Judge, Petitioner has not pointed to, and the Court is not aware of, any cases that have stated that either conspiracy to commit racketeering or use of a firearm in furtherance of a crime of violence have been "deemed not to be criminal." Accordingly, Petitioner cannot meet the *Jones* test.

In the Fourth Circuit, a petitioner may also challenge his sentence if he can meet the § 2255 savings clause. In *Wheeler*, the Fourth Circuit held that,

> § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive

> law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d at 429.

Here, Petitioner cannot satisfy the third prong of *Wheeler*. In *Thomas*, the Fourth Circuit recognized that the Supreme Court's decision in *Davis v. U.S.*, 139 S. Ct. 2319 (2019), was (1) a new rule of constitutional law, (2) made retroactive to cases on collateral review, (3) by the Supreme Court, and (4) was previously unavailable. *Thomas*, 988 F.3d at 788–90. Petitioner argues that the Fourth Circuit's statement that *Davis* is retroactive is insufficient to meet the requirements under § 2255(h)(2) because it was not declared to be retroactive by the Supreme Court. However, as noted by the Fourth Circuit in its decision, "it was the Supreme Court that made *Davis* retroactive. The Supreme Court did not state that *Davis* was retroactive in *Davis* itself. But such an express statement by the Supreme Court is not required." *Thomas*, 988 F.3d at 789–790. Thus, as Petitioner can meet the gatekeeping requirement of § 2255(h)(2) with respect to *Davis*, he cannot meet the third prong of *Wheeler*. Therefore, this action is subject to dismissal for lack of jurisdiction. *See Rice*, 617 F.3d at 807 (holding that if a petitioner cannot meet the savings

clause requirements then the § 2241 petition "must be dismissed for lack of jurisdiction"); *Wheeler*, 886 F.3d at 423 (holding that "the savings clause is a jurisdictional provision").[1]

## CONCLUSION

Accordingly, upon de novo review of the record and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. The Petition is **DENIED** without prejudice and without requiring Respondent to file a Return.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

December 15, 2021
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The Magistrate Judge notes that the Fourth Circuit's recent decision in *United States v. Simmons*, 999 F.3d 199 (4th Cir. May 28, 2021), may be more applicable to Petitioner's case as it addressed § 924(c) with a conviction under § 1962(d), whereas *Thomas* addressed § 924(c) with a conviction under § 1962(c). ECF No. 10 at 5 n.2. The Magistrate Judge notes that Petitioner still cannot meet the second prong under *Wheeler* because no court has held that *Simmons* is retroactive on collateral review. The Court only modifies this discussion to note that *Simmons* was amended on August 23, 2021, after the filing of the Report. *See United States v. Simmons*, 11 F.4th 239 (4th Cir. 2021). As of the filing of this Order, no court has held that *Simmons* is retroactive.